UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTIN SCOTT,

    Plaintiff,

vs.                          CASE NO. 3:15-CV-301

SIWICKI PLUMBING, INC.;
EDWARD A. SIWICKI, JR.

    Defendants,

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made and entered into by and among Plaintiff **JUSTIN SCOTT** (hereinafter "Plaintiff"),[1] and Defendants **SIWICKI PLUMBING, INC. AND EDWARD A. SIWICKI, JR.** (hereinafter "Defendants").[2] This Agreement is based on the following:

I.    RECITALS

    1.1    Plaintiff is an individual who worked for Defendant Siwicki Plumbing, Inc. as a helper until he left the employ of Defendant in April 2015.

    1.2    In this civil action 3:15-cv-301 (the "Action"), Plaintiff alleges that during his employment as a helper, Defendant Siwicki Plumbing, Inc. was his employer and failed to pay compensation, including overtime compensation, for all hours of work in excess of 40 hours in a workweek in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants deny these allegations.

---

[1] Where appropriate, "Plaintiff" as used herein also inc1udes those persons, entities, etc. referred to in paragraph 4.1 as being within the meaning of "Plaintiff."
[2] Where appropriate, "Defendants" as used herein also includes those persons, entities etc. referred to in paragraph 4.1 as being within the meaning of "Defendants."  Plaintiff and Defendants are referred to as "Parties" when referred to collectively herein and, where appropriate, "Parties" as used herein also includes those persons, entities, etc. referred to in paragraph 4.1 as being with the meaning of the terms "Plaintiff" and "Defendants."

1

**EXHIBIT 1**

1.3     The Parties and their counsel believe that the interests of all concerned are best served by compromise, settlement, and dismissal of this Action with prejudice against Defendants and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' best interests.

1.4     The Parties have engaged in good faith, arm's length negotiations in an effort to resolve this matter and conclude the Action against Defendants.  As a result of such negotiations, the Parties have agreed to settle the issues, matters, and things in dispute between and among them pursuant to the terms of this Agreement.

## II.    COMPROMISE ACKNOWLEDGEMENT

2.1     Plaintiff acknowledges and agrees that this Agreement and the consideration provided herein have been and are made and received solely on the basis of a compromise of disputed claims, and this Agreement is not, and is not to be construed as, an admission by Defendants of any liability whatsoever.

2.2     The Parties have conducted independent investigations of the facts and law concerning the claims and defenses in this Action, including, among other things, exchange of written information and arguments based on the applicable regulations and case precedents, production of certain documents, and interviews of potential witnesses.  Counsel for the Parties have further analyzed the applicable law as applied to the facts discovered regarding the allegations of Plaintiff, Defendants' defenses thereto, and the damages claimed by the Plaintiff.

2.3     Plaintiff believes that the claims asserted in this Action have merit.  However, Plaintiff recognizes and acknowledges the expense and length of continued litigation through trial and possible appeals.  Plaintiff has also taken into account the uncertain outcome and the risk of litigation, as well as the difficulties and delays inherent in such litigation and the

likelihood of protracted further proceedings at the district court level and potentially appellate review. Relying upon their fact investigations and legal analyses, the Parties have engaged in arm's length negotiations with a view to achieving a mutually acceptable settlement. Plaintiff believes that this settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of Plaintiff.

2.4 Defendants believe that the claims asserted in this Action are without merit. Defendants deny Plaintiff's claims and all charges of wrongdoing and liability under the FLSA. Although Defendants have vigorously contested the allegations in this Action to date and deny that they committed any wrongful action or violation of law, they believe nonetheless that further litigation with respect to Plaintiff would be protracted, expensive, and contrary to Defendants' best interests. Substantial amounts of time, energy, and other resources have been and, absent settlement, will continue to be devoted to Defendants' defense against the claims asserted by Plaintiff. Defendants recognize and acknowledge the expense and length of continued litigation through trial and possible appeals. Defendants have also taken into account the uncertain outcome and the risk of litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted further proceedings at the district court level and potentially appellate review. In light of these realities, Defendants believe that settlement is the best way to resolve the disputes among the Parties while minimizing Defendants' own further expenditures. Defendants believe that this settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of Defendants.

2.5 The settlement will not be deemed to be a concession or admission by Defendants of any violation of federal, state, or local law, statute, regulation, rule, or executive order, or any

obligation or duty at law or in equity and will not be used or referred to in any proceeding other than proceedings to interpret or enforce this Agreement.

2.6     The Parties, through their counsel, hereby seek judicial approval of their compromise and the resolution of the dispute and this Action between Plaintiff and Defendants. The Parties jointly submit this Agreement to the Court.  In the event the Court does not approve this Agreement, or any amended version agreed upon by the Parties, it will not have any effect, and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.  This Agreement will become effective (the "Effective Date") as of the date Plaintiff has signed this Agreement.

III.    PAYMENT AND DISTRIBUTION

3.1     In consideration for the terms, conditions, and promises in this Agreement, Defendants shall pay a total amount of Twelve Thousand Two Hundred Seventy-Nine and 50/100 Dollars ($12,279.50).  Defendant does not, by making this payment, admit that it actually violated the FLSA at any time.  Conversely, Plaintiff does not admit that Defendants' liability would be capped at the amounts represented in this payment, but Plaintiff acknowledges this amount represents a fair settlement of his claims against Defendants.

3.2     In consideration for the terms, conditions, and promises in this Agreement, Defendants will make a check payable to Jeremiah J. Talbott ("Talbott") in the gross amount of Twelve Thousand Dollars ($12,000.00) (hereinafter the "attorney's fees and costs") ("Check #1). Defendant will also pay the gross amount of Two Hundred Seventy-Nine and 50/100 ($279.50) to Plaintiff, and will issue (2) two checks to "Justin Scott" the first of which represents payment in the amount of One Hundred Thirty-Nine and 75/00 Dollars ($139.75) <u>less payroll taxes</u> as unpaid wages owed to Plaintiff ("Check #2) and the second of which represents payment in the

amount of One Hundred Thirty-Nine and 75/00 Dollars ($139.75) as liquidated damages on Plaintiff's unpaid wages ("Check #3") equaling the total settlement amount minus the attorneys' fees and costs of Talbott.

  3.2.1 The Parties agree that the payment of "unpaid wages" to Plaintiff constitutes wages and is subject to normal withholdings and taxes. The Plaintiff will provide Defendant with a W-2 for tax year 2016 which will include the respective number of dependents and his mailing address.

  3.2.2 Defendant will issue a Form 1099 for Plaintiff reflecting the payment of Two Hundred Seventy-Nine and 50/100 ($279.50) via Checks #2 and #3, as described in paragraph 3.2. Plaintiff will be responsible for all taxes associated with the payment of liquidated damages reflected in paragraph 3.2.

  3.3 The above amounts referenced in paragraphs 3.1 through 3.2.2 are the amounts agreed to by the Parties to compromise, settle, and satisfy the disputed claims of Plaintiff against Defendants, and the attorneys' fees and costs, and does so compromise, settle, and satisfy all relief sought by, which could have been sought by, and which could be awarded to, Plaintiff in this Action including, but not limited to, amounts for back wages, liquidated damages, interest, costs, expenses, and attorneys' fees necessary to the prosecution and administration of this Action and its settlement, other monetary and equitable relief, lost opportunity, and/or similar claims, all of which Defendants dispute.

  3.4 Within ten (10) business days from the date that the Court approves this Agreement, Dismisses this action, or enters Final Judgment dismissing this Action with prejudice as to Defendants, whichever occurs last, Defendants shall issue two checks to Plaintiff totaling the gross amount set forth in paragraphs 3.2 through 3.2.2. Defendant will withhold from Check

#2 the mandatory payroll deductions and withholdings consistent with its payroll practices. Defendant shall mail the two checks for Plaintiff to Plaintiff's counsel, Jeremiah J. Talbott, at his law office, who will be responsible for distributing Checks #2 and #3 to Plaintiff. If Defendants do not deliver Checks #2 and #3 as identified in this paragraph, Defendants will incur a 25% penalty fee.

      3.5    Within ten (10) business days from the date that the Court approves this Agreement, Dismisses this action, or enters Final Judgment dismissing this Action with prejudice as to Defendants, whichever occurs last, Defendants shall issue Check #1 payable to Talbott in the gross amount set forth in paragraph 3.2. Talbott shall be responsible for making any allocation of such payment for attorney's fees and costs.

      3.6    Checks #2 and #3 for the Plaintiff, if he cannot be located or whose check is returned undelivered, despite Plaintiff's counsel's best efforts, shall be returned to counsel for Defendants.

      3.7    Defendants will prepare a W-2 with respect to the portion of the settlement payment contained in Check #2 paid to Plaintiff.

      3.8    It is recognized by the Parties that Defendants have neither control over, nor obligation to distribute the settlement funds and, accordingly, is not responsible for such distribution. Plaintiff will defend, release, and hold Defendants harmless from any and all claims or causes of action arising from the distribution of settlement funds.

IV.    RELEASE

      4.1    Plaintiff for himself, and for his predecessors, spouse and family, legal representatives, attorneys, agents, executor(trix), administrator(trix), personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (all of

6

which, where appropriate, are included within the term "Plaintiff" when used in the Agreement), voluntarily and with the advice of counsel, fully and forever remise, release, acquit, and forever discharge Defendants, including their past, present, and future parent companies, d/b/a's, subsidiaries, affiliates, divisions, successors, assigns, successors in interest, and predecessors, and any such other entities' past, present, and future board members, owners, shareholders, directors, partners, officers, members, managers, employees, agents, lessees, attorneys, accountants, personal representatives, legal representatives, assigns, underwriters, insurers, and re-insurers (all of which, where appropriate, are included within the term "Defendants" when used in this Agreement), whether in their personal, individual, official and/or corporate capacities, from any and all FLSA claims, and all parallel wage and hour state law claims, whether known or unknown, whether contingent or non-contingent, specifically asserted in this Action or not, which the Plaintiff may assert against Defendant, arising up to the Effective Date of this Agreement for the time period Plaintiff worked for Defendant. This release does not extend to any FLSA claims that may arise subsequent to the Effective Date of this Agreement.

   4.2  The release by Plaintiff set forth in paragraph 4.1 is effective immediately upon the Effective Date of this Agreement.

   4.3  In addition to the terms of Plaintiff's release in paragraph 4.1, Plaintiff agrees not to seek conditional certification or other certification of a collective action against Defendants and will not submit any notice of lawsuit, consent-to-join, or other such forms to the Court for approval that identifies Defendants.

   4.4  Plaintiff shall be deemed to have released all claims as set forth in paragraph 4.1 above and to adhere to the terms of paragraph 4.3 with full knowledge of any and all rights he may have, and he hereby assumes the risk of any mistake in fact in connection with the true facts

involved in the claims against Defendants released herein, or with regard to any facts which are now unknown to him, concerning the claims against Defendants released herein.

## V.     DISMISSAL OF ACTION

5.1     Plaintiff agrees to dismissal of this Action against Defendants, with prejudice.

5.2     Plaintiff accepts the benefits provided herein as consideration in full and complete satisfaction and release of claims asserted in this Action and covered in this Agreement. Based on the provisions contained herein, Plaintiff agrees that this Action shall be dismissed with prejudice with respect to all claims upon entry of the Notice of Voluntary Dismissal with Prejudice.

## VI.    RESOLUTION OF FUTURE DISPUTES

6.1     Plaintiff confirms that, other than this Action, there is no claim, charge; complaint, or action currently existing as of the Effective Date of this Agreement that concerns allegations based on Plaintiff's claims relating to wage and hour compensation for the time period Plaintiff worked for Defendants. In the event that any such claim, charge, complaint, or action is filed, and it is determined that such claim, charge, complaint, or action was existing as of the Effective Date of this Agreement, Plaintiff shall not be entitled to recover any damages or other relief there from including costs and attorneys' fees. This Agreement is intended to resolve all wage and hour related claims of any kind, known or unknown, pled or otherwise, as of the Effective Date of this Agreement but is not intended to resolve future disputes that may arise subsequent to the Effective Date of this Agreement.

6.2     The U.S. District Court for the Northern District of Florida shall have continuing jurisdiction to interpret and enforce this Agreement and to hear and adjudicate any dispute or litigation arising from this Agreement.

VII. PARTIES' AUTHORITY

7.1 The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

7.2 All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and that this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

VIII. MUTUAL FULL COOPERATION

8.1 The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, and the Court's approval of the same, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement and the Court's approval of the same.

IX. MODIFICATION

9.1 This Agreement and any attachment (if any) may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

X. ENTIRE AGREEMENT

10.1 This Agreement and any attachment (if any) constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

XI. CHOICE OF LAW/JURISDICTION

11.1 This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of Florida, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Northern District of Florida.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

XII.   COUNTERPARTS

12.1   This Agreement may be executed in counterparts, and when Plaintiff and the Defendants have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

XIII.   VOIDING THE AGREEMENT

13.1   In the event this Agreement, or any amended version agreed upon by the Parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

SIGNED BY:                                                                  DATE:

_____                          _____
Justin Scott
Plaintiff


_____                          _____
Jeremiah J. Talbott
Attorney for Plaintiff


SIGNED BY:                                                                  DATE:

_____                          _____
Siwicki Plumbing, Inc.
Defendant


_____                          _____
Edward A. Siwicki, Jr.
Defendant



_____                          _____
Joseph Passeretti
Attorney for Defendant

-