# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JUSTIN SCOTT,

    Plaintiff,

v.

                                           Case No. 3:15-cv-00301-MCR-EMT

SIWICKI PLUMBING INC and
EDWARD A SIWICKI, JR

    Defendants.

_____/

## **ORDER**

Plaintiff Justin Scott filed a complaint against Defendants Siwicki Plumbing, Inc., and Edward A. Swikicki, Jr., under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Currently pending is the parties' Joint Motion for Approval of Settlement Agreement. ECF No. 31. The Court has fully considered the motion and reviewed the proposed settlement agreement.

"Congress made the FLSA's provisions mandatory." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982). "[T]hus the provisions are not subject to negotiation or bargaining between employers and employees." *Id.* The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor

supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In a comprehensive review of *Lynn's Food Stores* and the principles underlining the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors consider whether: (1) the compromise is fair and reasonable to the employee; (2) the compromise resolves a bona fide dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorney's fees. *See id.* The external factors look at whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. In deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed are also factors to be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id.* at 1241.

Plaintiff worked for Defendants as a plumber's helper. His duties included assistance to the plumber and performing plumbing tasks for the residential clients of Defendants. His Complaint alleges that Defendants regularly failed to pay him at a rate of at least the federal minimum wage for all hours worked, including overtime hours, as required by the FLSA. He seeks payment for unpaid wages, liquidated damages, and attorney's fees. Defendants, however, dispute the fact that they failed to pay Plaintiff all wages owed to him and deny liability under the FLSA.

In their Motion, the parties represent that they have compromised and reached a reasonable and fair resolution of Plaintiff's FLSA claim to avoid the risks of litigation. The settlement was reached through an adversarial process with both parties represented by experienced counsel. The record shows that a bona fide dispute existed as to Plaintiff's entitlement to unpaid wages, liquidated damages, and attorney's fees and that this dispute is fully resolved in the settlement. The parties agreed that Defendants will pay Plaintiff $139.75, less payroll taxes, for all wages and an additional $139.75 in liquidated damages. *See* 29 U.S.C. § 216(b) (providing employee ordinarily entitled to unpaid wages and "an additional equal amount as liquidated damages"). Additionally, the parties separately negotiated an agreement for Defendants to pay Plaintiff $12,000 in attorney's fees and costs. Lastly, the

agreement does not include a release of FLSA claims arising from events occurring after the date of the agreement.

The Court has fully considered the parties' motion. Based on the foregoing, the Court finds that there is sufficient information from which to determine that the parties' FLSA settlement is fair and reasonable. *See Lynn's Food Stores*, 679 F.2d at 1352.

Accordingly:

1. The Joint Motion for Settlement Approval is **GRANTED**. ECF No. 31.

2. The case is **DISMISSED with prejudice** pursuant to the parties' settlement.

3. Pursuant to the terms of the settlement agreement, the Court will retain jurisdiction to enforce the agreement.

3. The Clerk is directed to administratively close the file.

4. There shall be no award of costs or attorney's fees, as those matters are dealt with in the settlement agreement.

**DONE and ORDERED** on this 2nd day of June, 2016.

        s/ *M. Casey Rodgers*
    **M. CASEY RODGERS**
    **CHIEF UNITED STATES DISTRICT JUDGE**